## SPRING GARDEN INS. CO. OF PHILADELPHIA, PA., v. WOOD.

(Circuit Court of Appeals, Fourth Circuit. May 2, 1916.)

### No. 1398.

1. INSURANCE ☞668(5)—FIRE POLICIES—ACTIONS—JURY QUESTION.

In an action on a fire policy upon a building in which the agent writing the policy had an interest, the question whether the insurer was notified of the agent's interest *held* for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1737–1740, 1758–1760; Dec. Dig. ☞668(5).]

2. INSURANCE ☞668(6)—FIRE INSURANCE—ACTIONS—JURY QUESTION.

In an action on a fire policy upon property in which the agent had an interest, the question whether the agent, in attaching a rider allowing other insurance without permission of the insurer, acted fraudulently, and whether other insurance avoided the policy, *held* for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1737–1740, 1758–1760; Dec. Dig. ☞668(6).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TRIAL ⬤⟿260(1)—INSTRUCTIONS—REFUSAL.

Where the instructions given presented the issues, the refusal of other instructions emphasizing such facts is proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ⬤⟿260(1).]

4. APPEAL AND ERROR ⬤⟿1057(2)—REVIEW—REVERSIBLE ERROR.

Where plaintiff admitted as true all that would have appeared from certain reports, the exclusion of such reports themselves was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4197, 4198, 4205; Dec. Dig. ⬤⟿1057(2).]

5. EVIDENCE ⬤⟿151(1)—INSURANCE—INTENT—CONTINGENCY.

In an action on a fire policy, evidence by the insurer's agent as to what he would have done, had he known certain facts which insured claimed were communicated to him, is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 440; Dec. Dig. ⬤⟿151(1).]

Dayton, District Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Action by T. Gilbert Wood, suing for the benefit of himself, the Roanoke Sheet Metal Company, and J. D. Wood, against the Spring Garden Insurance Company of Philadelphia, Pa. There was a judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 194 Fed. 669, 114 C. C. A. 416; 215 Fed. 355, 131 C. C. A. 497.

George Bryan, of Richmond, Va., and Gustavus Remak, Jr., of Philadelphia, Pa., for plaintiff in error.

George E. Caskie and James R. Caskie, both of Lynchburg, Va., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

WOODS, Circuit Judge. There have been three trials of this action on a fire insurance policy issued by the plaintiff as agent of the defendant company on his own property.

Two defenses were relied on at the first trial: (1) The condition that the policy would be avoided by other insurance; and (2) the failure of the plaintiff as agent of the defendant company to notify it that he was the owner of the property. After hearing the evidence the District Court refused to direct a verdict in favor of the defendant, and the jury found for the plaintiff. This court held that, the plaintiff having reported the policy issued to "Haytokah Inn" as the owner, and having failed to show that his principal was advised as to his ownership, he could not recover. It was on this ground alone that the case was sent back for a new trial. On the second trial the defendant abandoned the first defense and relied entirely on the second. The District Judge on the second trial directed a verdict for the defendant. On writ of error this court found the evidence of notice to defendant's special agent Young of plaintiff's ownership of the property and of Young's authority to represent the defendant, materially stronger than that offered on the first trial and sufficient to raise an issue for the

jury whether the defendant did not accept the risk with notice of Wood's ownership. The cause was accordingly remanded for a new trial. On the third trial the defendant reinstated without objection the defense of subsequent insurance contrary to the terms of the policy, and in addition relied again on the defense that the plaintiff as agent of the defendant had insured his own property without notice to his principal of his ownership. At the close of the evidence the District Judge refused to direct a verdict for the defendant, and the jury again returned a verdict in favor of the plaintiff for the amount claimed. The first question is whether the defendant was entitled to a directed verdict.

[1] As to the defense that the plaintiff failed to notify the defendant of his ownership of the property, the evidence varied little from that which this court had held sufficient to require the submission of the issue of notice to the jury, except in one particular. The defendant produced from its own possession at the last trial a copy of a line sheet indicating in writing the property which the special agent, Young, had authorized the plaintiff to insure, and on that the hotel property does not appear. Young testified that the original of this line sheet was either left with Wood or sent to him from the company's office. Wood denied that he had ever received the line sheet, and testified, on the contrary, that his instructions were verbal, and that Young, with full notice that he had an interest in the hotel, authorized and encouraged him to insure it. This testimony made a square issue of fact for the jury between Young and Wood on a material point.

It seems clear from these considerations, in addition to what was said in the former opinions, that the trial judge could not properly take the case from the jury on the ground that there could be no reasonable difference of opinion that Wood had insured his own property without the knowledge or the consent of his principal.

[2] The other important point presents greater difficulty. In the report sent in by Wood of the policy for $2,500 sued on he noted the fact that there was $7,000 other insurance outstanding; but he failed to note that a rider containing the three-fourths clause which related to additional insurance had been attached to the policy. He received a request from the company by letter of January 31, 1910, to attach "three-fourths value and fire protection clauses." Wood testified he thought it unnecessary to answer defendant's letter, as he found on examination that the three-fourths value rider had been attached. After the policy sued on was issued he took out additional insurance in another company to the amount of $2,000; and it is this additional insurance which the defendant claims avoided the policy.

The slip attached to the policy known as "Form 204" allowed other insurance without permission of the company. At this time Wood had in his possession forms of slip No. 219, which allowed additional insurance only on permission of the company. The point pressed by the defendant is that it was Wood's duty to attach the latter form of slip, which would have denied him the right to take out additional insurance without notice to the company and its permission, and that his failure to do so, coupled with the fact that additional insurance was taken out

without notice to the company annulled the contract. We think this inference depends on the good faith of Wood. It is true that he did attach form 219 to the other policies issued by him, and that good business methods required that in making his report he should indicate that a three-fourths clause allowing additional insurance had been attached and the form he had used. The argument is strong that Wood failed in his duty to the company when he attached to the policy the form 204 allowing additional insurance and said nothing more to the company about it after receiving its letter on the subject. But, on the other hand, there is reason in Wood's explanation that the form 219 on its face seemed to be intended to apply to a policy on household furniture, while this policy was on an unfinished building without furniture. He was a school-teacher and untrained in the insurance business, which the defendant's special agent had solicited him to undertake. The defendant had furnished him the form of slip he used, and had not withdrawn it, nor instructed him not to use it, nor to use form 219. These are strong considerations in favor of the inference of entire good faith, and of his error from the negligence of the company in supplying him with forms it did not intend he should use, and in failing to give him instructions as to the proper slips to be attached. The issues of fact on the two defenses set up were therefore properly submitted to the jury.

[3] The charge, it is true, did not emphasize the point of view of the defendant on these issues; but the District Judge did instruct the jury that, for the plaintiff to recover, they must believe from the evidence that the plaintiff acted in good faith in attaching to the policy a form allowing additional insurance which had been furnished him by the company; that Young, the special agent, was advised that the policy about to be issued covered the plaintiff's property, or property in which he had an interest; that Young was fully authorized to act for the company, and was the only representative of the company in the state of Virginia known to the plaintiff; that the plaintiff had acted with the utmost frankness and good faith in all the matters relating to the issuance of the policy; and that unless the plaintiff had made out his case in all material particulars by the preponderance of the evidence the verdict should be for the defendant. This covered the law of the case. The requests of the defendant merely elaborated and emphasized the defendant's view of the issues, and their rejection is not sufficient ground for a new trial.

[4] There was no reversible error in the refusal to receive as evidence plaintiff's reports of other policies to the stamping office, since the plaintiff admitted as true all that would have appeared from these reports.

[5] The question asked Young as to whether he would have accepted the policy, had he known of Wood's ownership, was properly excluded. The plaintiff could not be bound by what Young now says he would have done. The material inquiry was what the company actually did, in view of the alleged information given by Wood to Young that he was the owner.

The case is one of difficulty, but consideration of the evidence offer-

ed tending to show Wood's good faith, knowledge of the material facts by the special agent of the insurance company, the negligence of the company in making Wood's mistake possible by leaving form No. 204 in his hands as if for use, and the company's failure to furnish him with instructions, together with the fact that two juries have found the issues of fact against the defendant, leads to the conclusion that it would be going too far to say that no reasonable inference on the vital issues could be drawn in favor of the plaintiff.

Affirmed.

DAYTON, District Judge, dissents.